IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02648-MSK-KMT

CRESSA SULLIVAN,

    Plaintiff,

v.

I-FLOW CORPORATION,
SDI RESIDUAL ASSETS, LLC, a Utah LLC,
SORENSON DEVELOPMENT, INC., a Utah Corporation,
SDI LIQUIDATING CORPORATION, a Utah Corporation,
SORENSON MEDICAL PRODUCTS INC., a Utah Corporation,
SORENSON MEDICAL, INC., a Utah Corporation, dba SORENSON MEDICAL,
SMI LIQUIDATING, INC., a Utah Corporation,
ABBOTT LABORATORIES, an Illinois Corporation,
ABBOTT LABORATORIES, INC., a Delaware Corporation,
HOSPIRA, INC., a Delaware Corporation.

    Defendants.

## STIPULATED QUALIFIED PROTECTIVE ORDER

Based on the stipulation of the parties, it is hereby

ORDERED as follows:

1.    As used in this Order, the term "Confidential Discovery Material" means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** or **"Trade Secret"** pursuant to the terms of this Order. The term documents as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type.

2. Any person subject to this Order who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this Order.

3. Documents or other discovery material may be designated as **"Confidential"** or **"Trade Secret"** only to the extent that it consists of or includes trade secret or confidential research, development, competitive, proprietary or commercial information and may include financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information given confidential status by the Court.

4. With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the document as confidential discovery material by stamping or otherwise clearly marking the document as **"Confidential"** or **"Trade Secret"** in such a manner that will not interfere with legibility or audibility. Any information so marked will be reviewed by an attorney for the disclosing party prior to it being marked, and will only so mark it if the attorney has a good faith belief that documents or material are confidential or are otherwise entitled to protection.

5. To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes ("Electronic Discovery Material") is produced in such form, a party or third-party producing such Electronic Discovery Material may designate it as confidential by cover letter referring generally to the Electronic Discovery Material, or by designation in the accompanying

load file.  Whenever a party or other person subject to this Order to whom confidential Electronic Discovery Material is produced reduces the confidential Electronic Discovery Material to hardcopy or image form, that party or other person shall mark the hardcopy or image form with the **"Confidential"** designation.

6. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question or answer shall be bound in a separate volume and marked **"Confidential"** by the court reporter. Alternatively, the party may designate information disclosed at deposition as confidential by notifying the other party(ies) in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated confidential. During such thirty (30) day period, the entire transcript shall be treated as confidential. For convenience, the parties may agree that entire deposition transcripts shall be treated as confidential discovery material.

7. Third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Order as if they had stipulated to it at the time of entry.  Such third parties must state their agreement to be bound by this order in writing.  Such third party(ies) shall be limited to supplying parties only.

8. Documents and information produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production, in order to allow the parties to review and assess the documents and information for confidentiality and designation.

9. Confidential information includes information that would identify patients and persons associated with adverse events involving a human drug and/or medical device product (excluding Plaintiff(s)), and research subjects. *See* 21 C.F.R. § 314.430 and 21 C.F.R. § 20.63. Defendants shall not be compelled to disclose this identifying information and may redact this identifying information from discovery material before production, provided, however, that such defendant shall maintain an un-redacted copy of such discovery material for any further review by the Court.

10. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this Order. Upon receipt of such designation in writing, the parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Confidential Discovery Material and to retrieve the newly designated Confidential Discovery Material from any person who is not permitted by this Order to have Confidential Discovery Material.

11. Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing when it becomes aware of such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the producing party or destroyed immediately upon notice of

privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all. Any party or individual having inadvertently received privileged or protected information need not wait for notice from the producing party before complying with the above and is expected to comply with the requirements of paragraph 11 as soon as it is known or should be known, that the document and information contained therein, is privileged and/or protected.  The parties shall have the benefit of all limitations on waiver afforded by Federal Rules of Evidence 502.  Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

12. No person subject to this Order other than the designating party shall disclose any Confidential Discovery Material to any other person, except as follows:

(a) counsel for the parties in this action, including any paralegal, clerical, and other staff employed by counsel for work on this action;

(b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(c) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order;  However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development,

manufacture or sale of any product that is known to compete with or to be similar to any products researched, developed, manufactured or sold by any defendant, including but not limited to I-Flow's ON-Q® PainBuster®, the party seeking the testimony must also first receive written consent of counsel for the party disclosing the confidential material, or obtain an order from the Court permitting the disclosure to said witness;

(d) Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e) Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

(f) Official court reporters; and

(g) The court, mediators, and support personnel.

13. Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 12 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit 1 hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this Order is intended to modify or shift any burden of

proof or privilege relating to the motion or authorize discovery of experts or their identities.

14. Any party wishing to file any Confidential Discovery Material with the Court, including any portion of a court paper that discloses confidential discovery material, shall file a motion to have the Confidential Discovery Material filed under seal. When filing the motion, the filing party will cite to the Court the grounds for filing the Confidential Discovery Material under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

15. Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. Only good-faith, litigation-driven objections to a confidentiality or trade secret designation may be made. If agreement cannot promptly be reached, the dispute will be submitted to the Court, and the party seeking to challenge the designation shall bear the initial burden of demonstrating that the challenge is made in good faith and is litigation-driven. Until a dispute is resolved, the material designated as **"Confidential"** or **"Trade Secret"** shall remain as Confidential Discovery Material pursuant to this Order.

16. The Court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the Court.

17. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

18. This Order shall survive the termination of this action. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, be destroyed; however, if objections to confidentiality are then asserted, return of the Confidential Discovery Material shall depend upon final resolution of the objections. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

19. The Court shall retain jurisdiction over all persons and parties subject to this Order to the extent necessary to modify this Order, enforce its obligations, or to impose sanctions for any violation.

20. Nothing in this Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

21. Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure. Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this Order as if the party had stipulated to it at the time of entry. No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this Order.

22. The defendants may designate any documents or other discovery material as **"Trade Secret"** by stamping or otherwise clearly marking as **"Trade Secret"** the protected material in a manner that will not interfere with the legibility or audibility. Any discovery material designated as **"Trade Secret"** shall be treated in all respects as Confidential Discovery Material.

23.     This Order shall not apply to, or restrict Confidential Discovery Material used at the time of trial as evidence. Protection of Confidential Discovery Material at trial may be addressed by the Court as a separate matter upon the motion of any party. The provisions of this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial.

24.     This Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA"). Any identifiable health information shall be automatically deemed **"Confidential"** and shall be treated as Confidential Discovery Material under the terms of this Order, without being stamped as **"Confidential"** by the producing party. Nothing in this Order shall prevent a party from objecting that documents do not contain individually identifiable health information, or are not otherwise subject to the requirements of HIPAA. In addition to the other requirements of this Order, such documents shall be used solely for the purpose of pursuing, defending, or resolving this litigation and shall be returned to the producing party, or if the information pertains to a plaintiff, then it shall be returned only to that plaintiff's counsel, including all copies or duplicates, within 30 days of final resolution of this litigation.

Dated this 6th day of January, 2010.

**BY THE COURT:**

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

   /s/ Scott Kleger
Scott M. Kleger
Mollie B. Hawes
Gary M. Clexton
MILLER & STEIERT, PC
1901 W. Littleton Blvd.
Littleton, CO 80120

Daniel E. English
DANIEL E. ENGLISH, P.C.
6355 Ward Road, Suite 400
Arvada, CO 80004-3823
*Attorneys for Plaintiff*


 /s/ Jordan Lipp
Jeffrey R. Pilkington
Jordan Lipp
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202

Geoffrey Coan
Maynard Kirpalani
WILSON ELSER MOSKOWITZ
  EDELMAN & DICKER LLP
260 Franklin Street, 14th Floor
Boston, Massachusetts 02110-3112
*Attorneys for Defendant
I-Flow Corporation*

   /s/ Marsha M. Piccone
Marsha M. Piccone
Ramona L. Lampley
WHEELER TRIGG O'DONNELL LLP
1801 California Street, Suite 3600
Denver, Colorado 80202

John A. McCauley
Michaela F. Roberts
VENABLE LLP
750 East Pratt Street
Baltimore, Maryland 21202
*Attorneys for Defendants Abbott Laboratories, Abbott Laboratories, Inc. and Hospira, Inc.*